UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MADHAVI ANANTH,<br><br>    Plaintiff,<br><br>v.<br><br>SCOTT TURNER, Secretary of United States Department of Housing and Urban Development,<br><br>    Defendant. | Civil Action No. 23-2262 (LLA) |

**JOINT REPORT OF LOCAL CIVIL RULE 16.3 CONFERENCE**

Plaintiff Madhavi Ananth ("Plaintiff") and Defendant Scott Turner, Secretary of United States Department of Housing and Urban Development ("Agency") (together, the "Parties"), take the respective positions with regard to the topics and issues addressed in Local Civil Rule 16.3(c), and Fed. R. Civ. P. 26(f)(3), as follows:

1.  Discovery Schedule: As explained in this report, the Parties jointly propose the following schedules for discovery, depending on whether expert discovery is needed (see paragraph 12 below):

| Event | Deadline |
|---|---|
| Initial Disclosures: | N/A (see Paragraph 8 below). |
| Start of Discovery: | June 23, 2025 |

If expert discovery **is not** needed:

| Close of Discovery: | December 22, 2025 |
|---|---|
| Post-Discovery Status Conference: | January 12, 2026 |

If expert discovery **is** needed:

| Plaintiff's Rule 26(a)(2) Disclosures: | January 31, 2026 |
|---|---|
| Agency's Rule 26(a)(2) Disclosures: | March 2, 2026 |
| Rebuttal Expert Disclosures: | April 1, 2026 |
| Close of Expert Discovery: | May 1, 2026 |
| Post-Discovery Status Conference: | May 15, 2026 |

2.  Post-Discovery Status Conference: The Parties propose that the Court set a summary judgment briefing schedule at the post-discovery status conference. As indicated above, the Parties agree that a post-discovery status conference should be scheduled for either January 12, 2026 or May 15, 2026, depending on the Parties' expert discovery needs, or a date and time convenient to the Court.

3.  Resolution by Dispositive Motion: Plaintiff expects that material factual disputes will necessitate trial on key claims and does not currently anticipate filing a motion for summary judgment. The Agency believes that this case can be resolved by dispositive motion after the conclusion of the discovery period.

4.      Amendment of Pleadings/ Stipulations: The Parties do not presently anticipate amendments to pleadings or that any other Parties will be joined. The Parties also do not anticipate being able to engage in meaningful discourse as to factual or legal stipulations which can be agreed upon until discovery is substantially or fully complete.

5.      Assignment to a Magistrate Judge: The Parties do not consent to this case being assignment to a Magistrate Judge.

6.      Settlement: The Parties are open to, and currently engaging in, settlement discussions.

7.      Referral for Settlement Conference: The Parties will assess the possibility of settlement as litigation in this case progresses and will agree to a referral for mediation if they believe it is reasonably likely to resolve the case.

8.      Initial Disclosures: Because a substantial amount of discovery was completed in the preceding administrative litigation, the Parties stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

9.      Discovery:

A. The Parties respectfully request six months to complete discovery in this case. The Parties request that discovery begin on June 23, 2025, and end on December 31, 2025. The Parties agree that the following limits should apply:

      i.    Requests for Production: 25 per side.

      ii.   Interrogatories: 25 per side.

      iii.  Requests for Admissions: 25 per side.

      iv.   Depositions: 10 per side, as specified in Rule 30(a)(2)(A).

It is understood that the Parties may seek leave from the Court to increase this limit at a future time, with the other party preserving its right to object.

      B.  The Parties believe that a protective order may be necessary and will confer as to such need and, if so, draft a proposed protective order for the Court.

      C.  The Parties agree to accept service of discovery requests and responses thereto, including documents responsive to discovery requests, electronically via e-mail if practicable. If necessary, the Parties will confer in good faith as to alternative means of service.

      D.  Discovery shall otherwise conform to the applicable Federal Rules of Civil Procedure.

10. <u>Electronically Stored Information</u>:  The Parties do not foresee any issues with the production of Electronically Stored Information ("ESI") at this time. The Parties agree to engage in ongoing meet and confer discussions if disputes arise concerning the phrasing of search words or other methodology for the production of information under Fed. R. Civ. P. 34, as well as the formats in which structured and/or unstructured ESI may be produced.

11. <u>Privilege</u>. The Parties agree that any assertions of privilege can be made in responding to discovery requests or during depositions and the Parties agree to an order by this court under Federal Rule of Evidence 502 dealing with waiver of attorney client privilege and inadvertent waivers. The Parties stipulate that by providing any document or other information in its possession, no party waives any privileges, objections, or protection otherwise afforded to it by law or equity. A party shall promptly return to a producing party any material that the producing party identifies as privileged material that has inadvertently been produced in this action.

12. <u>Expert Witnesses</u>: The Parties do not anticipate needing any expert witnesses at this time. In the event expert witnesses are needed, the Parties agree that Plaintiff is required to designate any expert witnesses and provide written reports consistent with Fed. R. Civ. P. 26(a)(2)(B) and the proposed schedule set forth in Paragraph 1. Similarly, the Agency is required to disclose its expert witnesses and provide written reports consistent with Fed. R. Civ. P. 26(a)(2)(B) within thirty (30) days thereafter, and rebuttal experts to be disclosed within thirty (30) days thereafter. The Parties anticipate taking depositions at mutually agreeable times. The Parties agree that all other requirements of Federal Rule of Civil Procedure 26 regarding experts shall apply.

13. <u>Class Action Issues</u>: The Parties agree that this issue is not applicable in this case.

14. <u>Bifurcation</u>: The Parties do not anticipate a need to bifurcate this matter.

15. <u>Date for Pretrial Conference</u>: The Parties agree that a status conference should be scheduled if this case is not entirely disposed of on summary judgment. The Parties propose that the date for the pretrial conference be set approximately 45 days after the Court has issued a ruling on either party's dispositive motion(s), or at the Court's convenience.

16. <u>Trial Date</u>: The Parties agree that a trial date should be set approximately 45 days after dispositive motion rulings, or at the Court's convenience, if this case is not entirely disposed of on summary judgment.

*    *    *

| | |
|---|---|
| Dated: June 10, 2025 | Respectfully submitted, |
| /s/<br>Kristen Farr (D.C. Bar # 974953)<br>Law Firm of Kristen J. Farr<br>1325 G Street, NW, Suite 500<br>Washington, DC 20005<br>Ph: 202-492-5512<br>Email: kristen@farrlegal.com<br><br>*Counsel for Plaintiff* | JEANINE FERRIS PIRRO<br>United States Attorney<br><br>*/s/ Kimberly A. Stratton*<br>Kimberly A. Stratton (P.A. Bar # 327725)<br>Assistant United States Attorney<br>601 D Street, NW<br>Washington, DC 20530<br>Ph: (202) 417-4216<br>Email: kimberly.stratton@usdoj.gov<br><br>*Attorneys for the United States of America* |