UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MADHAVI ANANTH,

      *Plaintiff*,

  v.

SCOTT TURNER,

      *Defendant*.

Civil Action No. 23-2262 (LLA)

### SCHEDULING ORDER

Pursuant to the parties' meet and confer statement, ECF No. 35, and the initial scheduling conference held on June 17, 2025, the court orders the following with regard to further proceedings in this matter:

**I.  DISCOVERY AND CASE DEADLINES**

Discovery in this case shall proceed according to the following schedule:

| | |
|---|---|
| Start of Fact Discovery | June 23, 2025 |
| Close of Fact Discovery | December 22, 2025 |

The parties shall file a post-discovery status report with recommendations for further proceedings, including whether the case should be referred for mediation and a schedule for expert discovery and dispositive motions, if any, on or before December 22, 2025.

**II.  LIMITS ON DISCOVERY**

As discussed at the June 17, 2025 initial scheduling conference, the following limits on discovery shall apply:

- Requests for production: thirty-five per side

- Interrogatories: twenty-five per side

- Requests for admission: one hundred per side

- Depositions: ten per side

### III.   PROTECTIVE ORDERS AND FILING UNDER SEAL

The parties may not rely solely on confidential designations under a protective order to file documents under seal. Accordingly, all protective orders submitted to the court for entry must specify that a party is required to file a motion seeking leave of the court to file confidential materials under seal. The court will not allow documents to be filed under seal by notice. Before moving to file under seal materials subject to a protective order, the moving party must confer with the opposing party and provide the results of that conferral process in the motion to seal, as well as include argument supporting the moving party's position that sealing is appropriate beyond the fact that the information was subject to a confidential designation in discovery. Depending on the nature of the document at issue, the court may require the moving party to file a redacted version of the document on the public docket.

### IV.   DISCOVERY DISPUTES

In the event that a discovery dispute arises, the parties shall make a good-faith effort to resolve or narrow the areas of disagreement. If, after conferring in good faith, the parties are unable to resolve a discovery dispute, they should file a joint motion on the docket captioned "Joint Motion Requesting Videoconference." The joint motion should provide a short description of the issue in dispute and each party's respective position (no more than two paragraphs per party), as well as provide at least three dates and times that the parties are jointly available for an

on-the-record videoconference. If the dispute arises from specific requests for discovery, the parties should file the relevant discovery requests as attachments to their joint motion. The parties should not call or email chambers regarding any discovery disputes.

Disputes regarding discovery must be raised on or before the discovery deadline. Disputes raised after the deadline will be considered untimely.

## V.    MEDIATION AND SETTLEMENT

The parties are expected to continue to evaluate their respective cases for purposes of settlement. The court encourages the use of alternative dispute resolution—e.g., mediation or neutral case evaluation. The use of these methods is available at any time, as is a settlement conference before a magistrate judge. If, at any point, the parties desire to participate in the District Court Mediation Program or seek a referral to a magistrate judge, the parties should file a joint motion and the court will make the requested referral.

## VI.   COMMUNICATIONS WITH CHAMBERS

The parties are to communicate with the court by motion, opposition, reply, or notice, but not by letter or phone call. Inquiries concerning the status or scheduling of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Margaret Pham (Margaret_Pham@dcd.uscourts.gov), rather than to chambers. If Ms. Pham is unavailable, such inquiries shall be directed to the staff person in the Clerk's Office who has been designated as her substitute. Chambers personnel will not handle questions relating to the status or scheduling of pending matters, nor will chambers staff provide legal advice of any kind. In an emergency, however, chambers can be contacted at (202) 354-3500.

The court will grant continuances, extensions, or enlargements of time only upon the filing of a motion. Motions for continuance of a court date must be filed at least three days before the

hearing and must include at least two alternative dates that have been agreed to by the parties. Requests that do not include alternative dates acceptable to all parties will be denied.

**SO ORDERED.**

_____
LOREN L. ALIKHAN
United States District Judge

Date:   June 18, 2025